UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMIE YOUNG,

       Plaintiff,

   -against-

MR. LUGO, Parole Officer; MR. MCLEAN,
Parole Officer; MR. PAYTON, Parole Officer;
MR. REHAL, Parole Officer; MR. BOTWINICK,
Parole Officer; MS. MENCARELLI, Parole Officer;
JOHN DOES 1-12, S.C.P.D. Officers; DR. CARL
GOODMAN, E.R. Doctor B.M.H.; JANE DOE,
Nurse, Brkhvn Mem. Hosp.; MR. HERNANDEZ,
Asst. Nurse B.M.H; JOHN DOES #1-8 B.M.H.
Security Staff;
-----------------------------------------------------------X

**ORDER**
18-CV-4216(JFB)(AKT)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 04 2019 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On July 25, 2018, incarcerated *pro se* plaintiff Jamie Young ("plaintiff") filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against parole officers Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli, as well as twelve unidentified individuals alleged to be Suffolk County police officers ("John Doe police officers"), Dr. Carl Goodman, Mr. Hernandez--an assistant nurse at Brookhaven Memorial Hospital ("BMH"), an unidentified nurse at BMH ("Jane Doe"), and eight unidentified BMH security staff members (collectively, "defendants"). (ECF No. 1.) Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis* (ECF No. 2), the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's official capacity claims against parole officers Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli are dismissed with prejudice

1

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because these claims are barred by Eleventh Amendment immunity. Plaintiff's Section 1983 claims against the unidentified individuals are dismissed without prejudice, with leave to file an amended complaint within thirty (30) days from the date of this Order. No summonses shall issue at this time. If plaintiff timely files an amended complaint, it shall be screened pursuant to 28 U.S.C. § 1915A(a). If plaintiff does not file an amended complaint within the time allowed, summonses shall issue for the named defendants, including Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli in their individual capacities, and the United States Marshal Service ("USMS") shall serve them.

## BACKGROUND

Plaintiff's handwritten complaint alleges a deprivation of his Fourth and Fourteenth amendment rights in connection with a strip search following his arrest for "violations of [his] conditions of release." (Compl. ¶ 1.) According to the complaint, plaintiff was taken to the Fifth Precinct, Suffolk County, by parole officers Lugo and McLean and strip searched. (Id. ¶¶ 2, 4.) Plaintiff claims that the officers said that it appeared that plaintiff had "a foreign object secreted in his anus" and told plaintiff they were going to get a search warrant to "search plaintiff's anus more thoroughly." (Id. ¶¶ 5, 7.) Plaintiff was moved to the booking area where he was allegedly handcuffed to a table for approximately two hours and Lugo and McLean left the precinct, thereby transferring his "custody from that of the DOCCS parole officials and the replacing of plaintiff's custody into that of the Suffolk County Police Department . . . ." (Id. ¶¶ 9-10.) Plaintiff claims that the Suffolk County police officers were unsuccessful in obtaining a search warrant, and therefore Lugo returned to the precinct along with parole officer Payton to transport plaintiff to BMH for a medical search examination of plaintiff's rectum. (Id. ¶¶ 12-13, 22.) Plaintiff alleges that he then stated that he wanted to have a lawyer present and that he

objected to any medical tests absent a valid warrant. (*Id.* ¶¶ 14-15.)

Upon his arrival at BMH, plaintiff alleges that he "refus[ed] to exit the transport vehicle [] [by] curling up into a 'fetal position' and tightening his muscles" and was pulled out of the vehicle by Lugo and Payton. (*Id.* ¶ 24.) Plaintiff claims that Lugo and Payton used "extreme force" in pulling the chains between the handcuffs and foot shackles and caused plaintiff to suffer "significant pain and deep bruising." (*Id.* ¶ 24-25.) Plaintiff was taken to a hospital room where he observed an "overwhelming presence of law enforcement personnel, including Suffolk County police, hospital security, and [] parole officials." (*Id.* ¶ 27.) Plaintiff claims that he restated his refusal to submit to medical treatment and/or a search of his rectum. (*Id.* ¶ 29) Dr. Goodman then allegedly ordered that plaintiff be sedated, and, over plaintiff's objection, he was sedated. (*Id.* ¶¶ 29-32.) Plaintiff acknowledges that he "struggle[d] in an effort - - albeit unsuccessful - - to prevent and avoid being injected with a controlled substance that would undoubtedly incapacitate him" and in so doing kicked Lugo in the hand causing injury, for which plaintiff was criminally charged with a felony count of second degree assault with intent to cause physical injury to a peace officer and a misdemeanor count of second degree obstruction of government administration. (*Id.* ¶¶ 47-50.) According to the complaint, Dr. Goodman "conspired with police and parole officials to violate plaintiff's clearly established substantive right to refuse medical treatment." (*Id.* ¶ 34.) Plaintiff alleges that no drugs or other contraband were found. For relief, plaintiff seeks to recover a monetary award of $5 million in compensatory damages as well as punitive damages in the sum of $10 million. (*Id.* at 22.)

## DISCUSSION

I.  *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma*

*pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II. Sufficiency of the Pleadings

A. Legal Standard

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

III. Applicable Law

A. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

In addition, in order to state a claim for relief under § 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

A complaint based upon a violation under § 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199 (2d Cir. 2010).

B. Application

1. Claims Against Mr. Hernandez, the twelve John Doe police officers, Jane Doe, and eight unidentified BMH security staff members

Here, although plaintiff seeks to sue Mr. Hernandez, the twelve John Doe Police officers, Jane Doe, and eight unidentified BMH security staff members, he has not alleged any facts sufficient for the Court to liberally construe a deprivation of plaintiff's constitutional rights by any of these individuals. Indeed, apart from the caption, Mr. Hernandez is not again mentioned in the body of the complaint. Nor does plaintiff allege anything more than that some of the unidentified defendants were present during the events described in the complaint. Further, plaintiff has not provided any identifying information such that the identities of the individuals plaintiff seeks to sue could be ascertained by the Suffolk County attorney pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (*per curiam*). Thus, as is readily apparent, plaintiff has not alleged plausible § 1983 claims against these defendants and such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Claims Against Parole Officers Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli

To the extent that plaintiff seeks to recover monetary damages from Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli in their official capacities, such claims are barred by the Eleventh Amendment. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bars suits brought by a state's own citizens in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Alden v. Maine*, 527 U.S. 706, 712 (1999)). Eleventh Amendment immunity also extends to suits for money damages against state officials in their

official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted); *McNamara v. Kaye*, 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state."). Thus, plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment, *see Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities"), and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b).[1] However, the claims against these defendants in their individual capacities have been plausibly stated and can proceed.

C. Leave to Amend

In light of the pleading deficiencies set forth above with regard to plaintiff's claims against the unidentified defendants, the Court has considered whether plaintiff should be given an opportunity to re-plead such claims. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

---

[1] The Court notes that the plaintiff's § 1983 claims against the individual parole officers in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998); *see also Will*, 491 U.S. 58 at 71.

7

Here, in an abundance of caution and given plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint in accordance with this Order. Plaintiff is advised than an amended complaint completely replaces the original. Therefore, plaintiff must include all claims against any defendant(s) that he intends to pursue. Any amended complaint shall be clearly labeled "Amended Complaint," shall bear the same docket number as this order, 18-CV-4216, and shall be filed within thirty (30) days from the date of this Order. If plaintiff does not know the identity of any individual he seeks to hold liable, he may name them as "John Doe" or "Jane Doe," but must also include some identifying information and a description of such individual's allegedly unlawful conduct or inaction. Plaintiff should include as much information as possible in this regard so as to allow the Suffolk County attorney to reasonably understand who plaintiff seeks to sue and can provide the individual(s) identity upon request pursuant to *Valentin v. Dinkins*.

If plaintiff does not file an amended complaint within the time allowed, summonses shall issue for the named defendants, including Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli in their individual capacities, and the United States Marshal Service ("USMS") shall serve them.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but his official capacity claims against Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because they are barred by the Eleventh Amendment. Plaintiff's § 1983 claims against the unidentified individuals are dismissed without prejudice, and with leave to file an amended complaint within thirty (30) days from the date of this Order. No summonses shall issue at this time. If plaintiff timely files an amended complaint, it shall be screened pursuant to

28 U.S.C. § 1915A(a). If plaintiff does not file an amended complaint within the time allowed, summonses shall issue for the named defendants, including Lugo, McClean, Payton, Rehal, Botwinick, and Mencarelli in their individual capacities, and the USMS shall serve them.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: April 7, 2019
Central Islip, New York

s/ Joseph F. Bianco
_____
Joseph F. Bianco
United States District Judge