```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMIE E. YOUNG,

                    Plaintiff,
                                                ORDER
          -against-                             18-CV-4216(JS)(AKT)

MARK LUGO, Parole Officer; MR. MCCLEAN,
Parole Officer; MR. PAYTON, Parole
Officer; MR. BOTWINICK, Parole Officer;
MS. MENCARELLI, Parole Officer;
DETECTIVE ACEVEDO, S.C. Police Officer;
JOHN DOE (1-6), S.C. Police Officers;
DR. CARL GOODMAN, E.R. Doctor, B.M.H.;
DR. JANE DOE, E.R. Doctor B.M.H.;
MR. HERNANDEZ, Nurse, B.M.H.; and
B.M.H. Security Officers (1-5).

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Jamie E. Young, pro se
                        c/o Nobby Carter
                        623 Bourdois Avenue
                        Bellport, New York 11713

For Defendant
Detective Acevedo,
S.C. Police Officer:    Arlene S. Zwilling, Esq.
                        Suffolk County Attorney
                        H. Lee Dennison Building
                        100 Veterans Memorial Highway
                        P.O. Box 6100
                        Hauppauge, New York 11788

Remaining Defendants:   No appearance.
```

SEYBERT, District Judge:

In a motion to compel, dated November 8, 2019, pro se plaintiff Jamie E. Young ("Plaintiff") requested that this Court issue an order requiring Defendant Dr. Carl Goodman to either

accept service of the Amended Complaint through the law department at his place of employment or to provide an address at which service can be effectuated pursuant to Federal Rule of Civil Procedure 4. (Mot., D.E. 36, at ECF p. 2.) Plaintiff also requested an order pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) compelling Defendant Dr. Goodman to provide Plaintiff with the identities of Dr. Jane Doe, Mr. Hernandez, and Brookhaven Memorial Hospital Security Officers 1-5 (the "Hospital Employees"). (Mot., at ECF p. 2.) For the following reasons, Plaintiff's motion to compel is DENIED without prejudice.

The first portion of Plaintiff's request is DENIED as moot. The Amended Complaint has been reissued to the U.S. Marshal Service for service on Defendant Dr. Goodman at his place of employment: Progressive Emergency Physicians located at 1236 RXR Plaza, Uniondale, New York 11566. (See D.E. 35.)

With regard to the identities and addresses of the Hospital Employees, on October 2, 2019, the Court permitted Plaintiff's claims against the Hospital Employees to proceed and, "should Plaintiff ascertain their identities during the course of discovery, leave to further amend the Amended Complaint to include such individuals may be sought." (See Oct. 2, 2019 Elec. Order.) As such, Plaintiff is permitted to explore the Hospital Employees' identities and addresses through discovery.

Further, the Court declines to Order Defendant Dr. Carl Goodman to provide the identities of the unnamed Hospital Employees pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) at this time. While there is an argument that Valentin applies only in cases where the Government can easily ascertain the identities and addresses of unnamed defendants, Valentin has been applied outside of the Government context. Compare DaCosta v. City of N.Y., 296 F. Supp. 3d 569, 599 (E.D.N.Y. 2017) (subsequent history omitted) (citing Valentin, 121 F.3d 72) ("where the name of a proper defendant is unknown to the plaintiff but can easily be obtained by the government.") (emphasis added) with Jarvois v. Ferrara, No. 18-CV-3997, 2019 WL 3890130, at *4 (S.D.N.Y. Aug. 19, 2019) (directing non-government defendant to provide the Court with co-defendant's "last known address" pursuant to Valentin for service purposes where pro se plaintiff was granted leave to proceed in forma pauperis). However, at this juncture, it would be improper for the Court to Order Defendant Dr. Goodman, who has not yet appeared in this action, to provide the Court with the identities of the Hospital Employees. Accordingly, this portion of Plaintiff's motion is DENIED without prejudice.

Moreover, on October 2, 2019, the Court requested the Suffolk County Attorney's Office "to attempt to ascertain the full names of the unidentified individuals who are all described in the Amended Complaint and alleged to be employed by the Suffolk County

3

Police Department and to have interacted with Plaintiff on December 14, 2017." (Oct. 2, 2019 Elec. Order.) The Court further directed "[t]he Suffolk County Attorney's Office [to] provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it." (Oct. 2, 2019 Elec. Order.)

The Suffolk County Attorney's Office was served with the Amended Complaint and the October 2, 2019 Electronic Order on October 3, 2019. More than thirty (30) days have passed and the Suffolk County Attorney's Office has not provided the Court and Plaintiff with the names and addresses of the employees described in the Amended Complaint. Accordingly, the Suffolk County Attorney's Office is DIRECTED to attempt to ascertain the full names of the unidentified individuals who are described in the Amended Complaint. The Suffolk County Attorney's Office shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to (1) serve copy of this Order on the Suffolk County Attorney's Office and (2) mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  26 , 2019
Central Islip, New York