UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAIME E. YOUNG,

                Plaintiff,                                    **MEMORANDUM DECISION**
                                                          **AND ORDER**
         -against-                                               18-CV-04216 (JS)(JMW)

MARK LUGO, *et al.*,

                Defendants.
---------------------------------------------------------------X

**WICKS,** Magistrate Judge:

        Plaintiff brought this action alleging, *inter alia*, malicious prosecution, fabrication of evidence, and abuse of process claims pursuant to 42 U.S.C. § 1983. To buttress these constitutional claims, Plaintiff seeks to obtain materials associated with the grand jury proceedings that culminated in his indictment for assault and obstruction of governmental administration. This Court initially so-ordered Plaintiff's subpoena directed to the Suffolk County District Attorney's Office (the "DA") seeking disclosure of the grand jury materials. (DE 145.) The DA, however, immediately moved to quash the subpoena, arguing, *inter alia*, that the present unsealing dispute must first be determined by the state court that exercised supervisory authority over the grand jury proceedings. (DE 146.) Plaintiff—without addressing the DA's argument that this matter should be addressed at the state level in the first instance—urges the Court to deny the DA's motion to quash. (DE 147, 155.) Because well-established principles of comity and practicality dictate that Plaintiff must apply to the relevant state court for unsealing in the first instance, the DA's motion to quash is granted.

## DISCUSSION

        As a precondition to a federal court entertaining a motion to unseal grand jury materials, the party seeking the release of the materials generally must first apply for relief in the relevant state court. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 225 (1979) ("*Douglas Oil*") ("Indeed, those who seek grand jury transcripts have little choice other than to file a request with the court that supervised the grand

jury, as it is the only court with control over the transcripts.") (footnote omitted); *see Anilao v. Spota*, 918 F. Supp. 2d 157, 170 (E.D.N.Y. 2013) ("In general, requests for disclosure of grand jury materials should be first directed to the court that supervised the grand jury's activities"). This requirement is rooted in principles of "both comity and practicality." *Gonzalez v. Cnty. of Suffolk*, No. CV 09–1023(TCP)(GRB), 2014 WL 1669134, at *5 (E.D.N.Y. Apr. 23, 2014); *see United States v. Alleyne*, 21-CR-47 (CBA), 2021 WL 2414290, at *2 (E.D.N.Y. June 13, 2021) ("Courts in this Circuit generally require a movant seeking to unseal state-court grand jury documents to first move for relief in state court, in the interests of comity."); *Anilao*, 918 F. Supp. 2d at 170–71 (noting that, "as a matter of comity," a party should first apply to state court to unseal grand jury materials). Indeed, "the grand jury's supervisory court . . . is in the best position to determine the continuing need for grand jury secrecy," *Douglas Oil*, 441 U.S. at 225, and "[r]aising the issue before the [state supervisory court] . . . helps to ensure that the important state interest in secrecy is thoroughly considered," *Dave v. Cnty. of Suffolk*, 15-CV-3864 (JMA)(GRB), 2017 WL 2414649, at *5 (E.D.N.Y. June 2, 2017) (internal quotation marks and citation omitted).

Although there exist some decisions within this district that have held contrary,[1] "[t]he overwhelming majority of precedent within this circuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper." *Harewood v. Braithwaite*, No. 09–CV–2874 (PKC)(RML), 2013 WL 3863905, at *1 (E.D.N.Y. July 23, 2013) (collecting cases). If the state court denies the request to unseal, the party may then challenge the denial before the district court. *Domni v. Cnty. of Nassau*, CV 19-83 (JMA) (AKT), 2020 WL 7625417, at *7 n.7 (E.D.N.Y Dec. 21, 2020); *see Alleyne*, 2021 WL 2414290 at *2 ("That the state court denied the application does not deprive me of the ability to nonetheless grant the application if it is meritorious.") (citation omitted).

---

[1] *See, e.g.*, *Bethea v. City of N.Y.*, 16-CV-2522 (NGG)(SMG), 2017 WL 979030, at *2 (E.D.N.Y. Mar. 13, 2017) (addressing motion to unseal grand jury materials despite plaintiff failing to apply to state court in first instance); *Rhooms v. City of N.Y.*, Nos. 11–CV–5910 (PKC)(RER), 13–CV–5006 (PKC)(RER), 2014 WL 4385856, at *1 n.2 (E.D.N.Y. Sept. 4, 2014) (same).

The Court concludes that, in the interest of comity, Plaintiff's attempt to unseal the grand jury materials should first be heard by the state court. The record indicates that Plaintiff made his first and only attempt to unseal the grand jury testimony when he requested this Court to "so order" a third-party subpoena seeking the grand jury records from the DA. (DE 142.) Indeed, the DA's baseline argument in its motion to quash is that "principles of comity require[] [Plaintiff] to first make his application to the state court before being provided these documents pursuant to a subpoena duces tecum in a federal case" which he "has [f]ailed to do." (DE 146 at 3.) Plaintiff was silent in his response papers on this threshold issue. (*See, e.g.*, DE 147, 155.) As such, "Plaintiff has not provided, nor can this Court find, any compelling reason to depart from th[e] well-settled practice" of allowing the state court to address this matter in the first instance. *Harewood*, 2013 WL 3863905 at *2 (citing *Felmine v. City of N.Y.*, 09–CV–3768, 2009 WL 3526486, at *1 (E.D.N.Y. Oct. 29, 2009)). The DA's motion to quash is accordingly granted. Should the state court decline Plaintiff's request to unseal the grand jury materials, this Court may then "'make an independent determination of whether the grand jury transcripts should be released.'" *Id.* (quoting *Palmer v. Estate of Stuart*, No. 02 Civ.4076 LTS GWG, 2004 WL 2429806, at *2 (S.D.N.Y. Nov.1, 2004)).

## CONCLUSION

The DA's motion to quash Plaintiff's subpoena seeking grand jury materials is granted. This ruling is made without prejudice to Plaintiff moving this Court to compel production of the materials should the state court deny Plaintiff's application to unseal.

Dated:  Central Islip, New York
        February 20, 2022

**S O   O R D E R E D :**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

3