```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JAMIE E. YOUNG,

              Plaintiff,                      ADOPTION ORDER
                                              18-CV-4216 (JS)(JMW)
     -against-

MARK LUGO, et al.,

              Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:       Frederick K. Brewington, Esq.
                     Albert Darnell Manuel, III, Esq.
                     Cobia Malik Powell, Esq.
                     Leah Elizabeth Jackson, Esq.
                     Law Offices of Frederick K. Brewington
                     556 Peninsula Boulevard
                     Hempstead, New York  11550

For Suffolk County
Defendants:          Arlene S. Zwilling, Esq.
                     Suffolk County Attorney
                     P.O. Box 6100
                     H. Lee Dennison Building, 5th Floor
                     100 Veterans Memorial Highway
                     Hauppauge, New York  11788

For State
Defendants:          Christina H. Bedell, Esq.
                     NYS Office of the Attorney General
                     Nassau Regional Office
                     200 Old Country Road, Suite 240
                     Mineola, New York  11501

For Dr. Goodman:     Greg M. Mondelli, Esq.
                     Carl A. Formicola, Esq.
                     Jessica D. Klotz, Esq.
                     Lewis Johs Avallone Aviles, LLP
                     1377 Motor Parkway, Suite 400
                     Islandia, New York  11749
```

```
For Defendant
Hernandez:            Anthony M. Maffia, Esq.
                      Michelle Acosta, Esq.
                      Fumuso, Kelly, Swart, Farrell, Polin &
                      Christesen LLP
                      110 Marcus Boulevard
                      Hauppauge, New York  11788
```

SEYBERT, District Judge:

Currently before the Court are the objections by Jamie E. Young ("Plaintiff") to Magistrate Judge James M. Wicks' Report and Recommendation ("R&R"), which recommends granting the motion to dismiss by Henry Hernandez ("Defendant").[1]  (See Mot., ECF No. 176; R&R, ECF No. 199; Obj., ECF No. 200.)  For the following reasons, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN ITS ENTIRETY.

## BACKGROUND

Neither Plaintiff nor Defendant challenge the "Factual and Procedural Background" section of the R&R.  (See R&R at 3-8.) As such, the Court incorporates herein by reference Judge Wicks' summary of the facts and posture of this case. See Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022).

Judge Wicks issued his R&R on February 6, 2023, which recommends dismissing all of the claims in the Second Amended Complaint ("SAC") against Defendant.  (See R&R at 16.)  Beginning

---

[1] Although there are multiple named defendants in this case, the underlying motion to dismiss was filed solely by Hernandez.

2

with the statute of limitations prong of the dismissal motion, Defendant argued the conduct giving rise to the SAC occurred on December 14, 2017, but the SAC, which was the first pleading to identify him, was not filed until December 27, 2021.  (Id. at 7, 12.)   Thus, Defendant argued that "Plaintiff's claims for violations of his constitutional rights under 42 U.S.C. § 1983 and negligence (three-year statute of limitations), medical malpractice (one and a half-year statute of limitations), and several accompanying state-law torts (one-year statute of limitations), are untimely."  (Id. at 12.)  Defendant also argued that these untimely claims do not relate back to the filing of the original Complaint, which is dated July 25, 2018 and was filed by Plaintiff pro se, "because Plaintiff was well aware of Defendant's full name prior to the expiration of the statute of limitations." (Id.)  In opposition, Plaintiff argued that diligent efforts were made to identify and serve Hernandez, that Hernandez was actually named in the original Complaint, and that Hernandez evaded service. (Id.)

Judge Wicks then reviewed the statute of limitations and relation-back doctrine applicable to Section 1983 cases, particularly those that involve "John Doe" substitutions, i.e., "cases where the initial complaint features a John Doe defendant and the plaintiff later substitutes the actual defendant upon discovery of his . . . identity . . . [and] attempts to relate

3

his . . . claims against the substituted defendant back to the filing of the initial complaint." (Id. at 12-13 (citing Aslanidis v. U.S. Line, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)).) After acknowledging state law governs the statutes of limitations for Plaintiff's claims, Judge Wicks discussed the interplay between the Federal Rules of Civil Procedure ("FRCP") and New York Civil Practice Law and Rules ("CPLR") concerning the relation-back doctrine in John Doe substitution cases. (See id.) The R&R notes the Second Circuit has explicitly rejected the applicability of FRCP 15(c)(1)(C)[2] in John Doe substitution cases but that FRCP 15(c)(1)(A) "permits an amended pleading to relate back when 'the law that provides the statute of limitations allows relation back.'" (Id. at 13 (first citing Hogan v. Fischer, 738 F.3d 509,

---

[2] FRCP 15(c)(1)(C) permits an amendment to a pleading to relate back when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied, and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C).

4

518 (2d Cir. 2013); then quoting Fed. R. Civ. P. 15(c)(1)(C)).) Relevant here, New York law, particularly CPLR § 1024 in connection with CPLR § 306-b, permits the relation back of John Doe substitutions so long as three requirements are satisfied: (1) "plaintiff must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name[']"; (2) plaintiff "must 'describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant'"; and (3) "the newly-named defendant must be served within 120 days of the filing of the complaint." (Id. at 13-14 (first quoting Hogan, 738 F.3d at 518-19; then quoting DaCosta v. City of New York, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017)) (cleaned up).) The R&R highlights that "if a plaintiff becomes aware of an unknown party's identity prior to the expiration of the statute of limitations, but fails to amend his pleadings, any relation back under Rule 15(c)(1)(A) and CPLR § 1024 becomes unavailable." (Id. at 14 (citing Boston v. Suffolk Cnty., New York, 326 F. Supp. 3d 1, 13 (E.D.N.Y. 2018)).)

With these principles in mind, Judge Wicks found the date of the incident underlying the SAC to be December 14, 2017. (Id. at 15.) As a result, Plaintiff was required to "engage in diligent efforts in light of the varying statutes of limitations on his claims" by the following dates: (1) December 14, 2018 for all state-law tort claims; (2) June 14, 2020 for the medical

5

malpractice claim; and (3) December 14, 2020 for the Section 1983 and negligence claims. (Id.) Although the parties dispute the exact date Plaintiff learned Defendant's full identity, with Defendant claiming the date was August 6, 2019 and Plaintiff claiming the date was September 29, 2020, "[b]oth of these dates come before the December 14, 2020 statute of limitations expiration for Plaintiff's [S]ection 1983 and negligence claims." (Id.) The R&R concluded "Plaintiff learned Defendant's identity before the expiration of the limitations period" such that "he cannot avail himself of the benefits of CPLR § 1024." (Id. (citing Strada v. City of N.Y., No. 11-CV-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014)).) Therefore, as to Defendant, Judge Wicks recommends dismissing Plaintiff's Section 1983 and negligence claims as time barred, and declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (See id. at 16.)[3]

## ANALYSIS

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[3] In addition to recommending dismissal of Plaintiff's claims on timeliness grounds, the R&R includes alternative recommendations to dismiss Plaintiff's claims on the merits. (See R&R at 16-26.) The Court omits a summary of the alternative grounds discussed by the R&R in light of its adoption of the recommendation to dismiss Plaintiff's claims as time barred.

6

judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

II. Discussion

Following the issuance of the R&R, Plaintiff filed timely objections to which Defendant responded. (See generally Obj.; Resp, ECF No. 201.) Having reviewed Plaintiff's objections to the R&R, the Court finds they are patently improper and are insufficient to trigger de novo review.

In his first objection, Plaintiff argues Judge Wicks did not fully consider his good faith and diligent efforts, while he was proceeding pro se, to serve Defendant. (See Obj. at 3-7.) To demonstrate these efforts, Plaintiff sets forth a timeline of events spanning from the commencement of this action in July 2018 to "the first time Plaintiff could have sought leave to amend his Complaint to identify and serve" Defendant, which was "September October 2020." (Id.) Not only did Judge Wicks consider each of the events described by Plaintiff, he rejected Plaintiff's argument "that the issue is rather that Defendant evaded service."

7

(See R&R at 6-8, 12.)  Accordingly, Plaintiff's first objection misses the mark on the law and attempts to bury a concession that is fatal to his Section 1983 claims: that Plaintiff knew of Defendant's identity prior to the expiration of the December 14, 2020 statute of limitations for his Section 1983 claims.  (See Obj. at 6-7.)

Turning to Plaintiff's second objection, he asks the Court to reject the R&R's dismissal of his claims against Defendant on statute of limitations grounds.  (See id. at 7-15.)  In this objection, Plaintiff repeats his efforts to attempt to serve Defendant at the outset of this case while he was proceeding pro se, which, once again, are irrelevant to when Plaintiff became aware of Defendant's identity.  Plaintiff then seeks "reconsideration" of Judge Wicks' R&R based upon "new evidence," i.e., Defendant's deposition testimony.  (See id. at 9-10.)  Not only is reconsideration an inappropriate vehicle to challenge the R&R, this "new evidence" that Plaintiff claims he was unable to utilize in opposing the underlying motion to dismiss was elicited approximately four months prior to the date Plaintiff submitted his opposition to Defendant's dismissal motion.  (See id. at 10; Resp. ¶ 14. See generally Pl. Opp'n, ECF No. 179.)  Putting aside the fact that evidentiary materials such as Defendant's deposition testimony are inappropriate for the Court to consider at the motion

8

to dismiss stage,[4] Plaintiff's attempt to raise a new argument that was not presented to Judge Wicks in the first instance is rejected. U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC, No. 13-CV-1598, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) ("A district court will generally not consider arguments that were not raised before the magistrate judge." (quoting Diaz v. Portfolio Recovery Assocs., LLC, No. 10-CV-3920, 2012 WL 1882976, at * 2 (E.D.N.Y. May 24, 2012))).

Next, Plaintiff appears to argue the R&R misapplied the relation-back doctrine by failing to take into account that Defendant "knew or should have known that the original action would have been brought against him." (See Obj. at 13-14.) This argument -- and not Judge Wicks -- misapplies the relation-back doctrine. Although Plaintiff acknowledges the Second Circuit has held "an amended pleading asserting § 1983 claims against John Doe

---

[4] The Court also notes that Defendant submitted a host of exhibits in support of its motion to dismiss that Judge Wicks declined to consider because, inter alia, they were not integral to the SAC and Defendant's motion should not be converted to one for summary judgment. (See R&R at 9-11.) Ironically, Plaintiff "explicitly opposed [Defendant's] use of exhibits" in connection with the underlying motion (see id. at 11), but did not hesitate to refer to numerous exhibits in his objections to the R&R. In addition to Defendant's deposition testimony (see Obj. at 9-10), Plaintiff refers the Court to letters from Brookhaven Memorial Hospital (see id. at 5 & n.1, 9, 12), FRCP 26 disclosures (id. at 6, 8), discovery demands and responses (id.), an online news report from Long Island Business News with an incomplete hyperlink (id. at 10 n.5), and email correspondence between the parties (id. at 14-15). None of these materials cited to by Plaintiff are appropriate for the Court's consideration at this juncture.

9

defendants may still relate back under [FRCP] 15(c)(1)(A)" (see id. at 13), Plaintiff's argument that Defendant should have been on notice of the instant case to warrant relation back is not rooted in FRCP 15(c)(1)(A). Rather, Plaintiff echoes the provisions of FRCP 15(c)(1)(C) which the Second Circuit has denounced applying in John Doe substitution cases such as the instant action where there is no mistake of identity (see R&R at 13). See Hogan, 738 F.3d at 517-18.

Plaintiff also contends Judge Wicks erred by citing Strada to hold that Plaintiff "cannot avail himself of the benefits of CPLR § 1024" "[b]ecause Plaintiff learned of Defendant's identity before the expiration of the limitations period." (See R&R at 15 (citing Strada, 2014 WL 3490306); Obj. at 13.) According to Plaintiff, Ramos v. Police Officer Maureen Engels did not follow Strada and "provides a more appropriate evaluation tool for the facts of the instant case." (Obj. at 13 (citing Ramos v. Police Officer Maureen Engels, No. 15-CV-1081, 2016 WL 3619534, at *7 (E.D.N.Y. June 3, 2016), adopted sub nom. by, 2016 WL 3640684 (E.D.N.Y. June 29, 2016)).) This argument is unpersuasive for three reasons. First, Plaintiff does not explain how or why Ramos "provides a more appropriate evaluation tool." Second, although Plaintiff leads the Court to believe Strada is no longer good law under Ramos, Ramos merely differentiated itself from Strada for reasons that have no bearing on the instant dispute, i.e., whether

10

there is a unity of interest between a municipality and an individually named police officer to demonstrate whether relation back is allowed under FRCP 15(c)(1)(A) through CPLR § 203. See Ramos, 2016 WL 3640684, at *6-7. Third, assuming Plaintiff is relying upon Ramos because that court examined whether a proposed amendment related back under FRCP 15(c)(1)(C) (in addition to FRCP (c)(1)(A)), that analysis is inapposite. Ramos did not involve a John Doe substitution like the instant case; Ramos involved a request to amend to name two new defendants as the officers who used excessive force against the plaintiff instead of the officers already named and identified in the complaint. See id. at *2; see also id. at *6 n.10 (finding CPLR § 1024 inapplicable because the plaintiff "is adding two new defendants, not merely substituting the names for 'John Doe' defendants previously named").

The last part of Plaintiff's second objection questions why Judge Wicks granted Plaintiff leave to file the SAC to add claims against Defendant if Judge Wicks was going to recommend dismissing those very same claims on statute of limitations grounds. (See Obj. at 14-15.) Not only does the Court find this statement by Plaintiff's counsel to be an inappropriate query concerning Judge Wicks' judgment, but Plaintiff also inaccurately quotes Judge Wicks' decision which granted leave to amend. According to Plaintiff, Judge Wicks stated "that the amendment as

11

to Defendant Hernandez was granted given that the question before the Court was, in part, 'seek[ing] a ruling that his proposed amendments regarding Defendant Hernandez and Defendant Provenzano . . . relate back to the date he filed the initial complaint.'" (Id. at 15 (alterations in original).)  On the contrary, Judge Wicks' granting of leave to amend had absolutely nothing to do with whether Plaintiff's claims against Defendant would relate back. (See Dec. 17, 2021 Mem. Decision & Order ("Dec. 17, 2021 MD&O"), ECF No. 150; see also R&R at 25-26 & n.3 ("Plaintiff also sought [a] ruling that his proposed amendments, including the addition of Defendant Hernandez, relate back to July 25, 2018, the date Plaintiff filed the initial complaint. The Court declined to issue an advisory opinion on the issue. (citations omitted)).) Despite Plaintiff's request for an order that the amendment would relate back to July 25, 2018, Judge Wicks expressly denied Plaintiff's application for such an order, finding the relief sought to be a "preemptive attempt to get a ruling" that "is nothing short of a request for an advisory opinion." (See Dec. 17, 2021 MD&O at 10 n.1.)

Accordingly, the Court finds the recommendations to dismiss Plaintiff's Section 1983 and negligence claims as time barred neither clearly erroneous nor contrary to law. The same conclusion is warranted under de novo review. Further, the Court does not find any error in the recommendation to decline to

12

exercise supplemental jurisdiction over any remaining state law claims against Defendant, which is a proposed ruling to which Plaintiff did not even object. In light of the Court agreeing with Judge Wicks that Defendant's motion to dismiss may be granted on these grounds alone, the Court need not address Plaintiff's remaining objections. Nonetheless, in the exercise of caution, the Court has reviewed those objections and finds them to be without merit.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Plaintiff's objections are OVERRULED, Judge Wicks' R&R is ADOPTED IN ITS ENTIRETY, and Defendant Hernandez's motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 23, 2023
       Central Islip, New York