UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
JAMIE E. YOUNG,

             Plaintiff,              <u>MEMORANDUM & ORDER</u>
                                      18-CV-4216 (JS)(JMW)

    -against-

MARK LUGO, <u>et al.</u>,

             Defendants.
-------------------------------X

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Frederick K. Brewington, Esq. |
| | Albert Darnell Manuel, III, Esq. |
| | Cobia Malik Powell, Esq. |
| | Leah Elizabeth Jackson, Esq. |
| | Law Offices of Frederick K. Brewington |
| | 556 Peninsula Boulevard |
| | Hempstead, New York 11550 |
| | |
| For Suffolk County Defendants Alberto Acevedo and Matthew Spilatros: | Arlene S. Zwilling, Esq. |
| | Suffolk County Attorney |
| | P.O. Box 6100 |
| | H. Lee Dennison Building, 5th Floor |
| | 100 Veterans Memorial Highway |
| | Hauppauge, New York 11788 |
| | |
| For State Defendants Mark Lugo, Orrison McClean, Alonzo Payton, Joseph Rehal, Ross Botwinick, and Catherine Mencarelli: | Christina H. Bedell, Esq. |
| | NYS Office of the Attorney General |
| | Nassau Regional Office |
| | 200 Old Country Road, Suite 240 |
| | Mineola, New York 11501 |
| | |
| For Dr. Carl Goodman: | Greg M. Mondelli, Esq. |
| | Amy E. Bedell, Esq. |
| | Carl A. Formicola, Esq. |
| | Jessica D. Klotz, Esq. |
| | Lewis Johs Avallone Aviles, LLP |
| | 1377 Motor Parkway, Suite 400 |
| | Islandia, New York 11749 |

SEYBERT, District Judge:

The Court is in receipt of Defendants Lugo, McLean, Payton, Rehal, Botwinick, and Mencarelli's (hereafter, the "State Defendants") request to file an untimely summary judgment motion (hereafter, "Request").   (See ECF No. 223.)   State Defendants' counsel, Christina H. Bedell, Esq. (hereafter "Counsel Bedell"), asserts the untimely motion, and any opposition and reply thereto, should be accepted by this Court due to her "mis-calendar[ing]" of the deadline to serve the State Defendants' summary judgment motion upon Plaintiff.   (See id.)   In particular, Counsel Bedell stated she mistakenly believed the deadline to file the State Defendants' summary judgment motion was March 29, 2024, and accordingly served said motion upon Plaintiff on March 19, 2024. (Id.)   When she did not receive an opposition to the State Defendants' motion on April 12, 2024, Counsel Bedell then "reached out to Plaintiff's counsel via email." (Id.)   Although Counsel Bedell does not indicate the date of her email to Plaintiff, the Court assumes it was April 24, 2024, based upon Plaintiff's statement that it "did not receive notice that the State was filing a motion for summary judgment until April 24, 2024."   (Id.)   Plaintiff opposes the State Defendants' request because the April 24, 2024 notice was given "twelve (12) days after the motion was to be fully briefed and filed before the Court, and fifty-five (55) days after the motion was to be served on Plaintiff." (Id.)

The Court finds the State Defendants' Request to be concerning for several reasons.  As an initial matter, the untimely nature of the Request itself is disconcerting.  According to the undersigned's Individual Rules, requests for extensions are to be made at least two business days prior to deadline in question. (See JS Ind. Rule I.F.)  Therefore, this Request is more than three weeks late.  Second, the Court has afforded to the State Defendants numerous extensions, dating back to October 2023.  (See Oct. 13, 2023, Jan. 12, 2024 Elec. Orders.)  Indeed, the State Defendants' summary judgment motion was originally due on November 2, 2023; however, at the State Defendants' request[1], the deadline was moved twice, and ultimately became due February 29, 2024.  (Id.; see also ECF Nos. 214, 215.)  Further, upon granting the State Defendants' final extension request, the Court placed the parties "**ON NOTICE**" that "given the length of extensions provided to date, the Court [was] not inclined to grant any further extensions absent good cause shown." (Jan. 12, 2024 Elec. Order (emphasis added)).  Third, while the Court acknowledges Counsel Bedell's representation that she mis-calendared the deadlines established by the Court's January 12, 2024 Electronic Order, it notes that this is not the first time Counsel Bedell has made an untimely request for an extension based upon mis-calendaring.  Rather, in

---

[1] The State Defendants and Defendant Goodman jointly submitted the initial request for an extension of time.  (See ECF No. 214.)

April 2023, the State Defendants failed to timely file their Answer to the Second Amended Complaint due to Counsel Bedell's "calendaring and administrative oversight." (See ECF No. 210). Fourth, Counsel Bedell's three-week-late Request rings hollow since: (a) Defendant Goodman's summary judgment motion was subject to the same January 2024 scheduling order as the State Defendants; (b) Defendant Goodman's fully-briefed summary judgment motion was filed on April 11, 2024; and (c) the State Defendants received Notice of Electronic Filing ("NEF") of Defendant Goodman's summary judgment motion. (See NEF for ECF No. 220; see also NEFS for ECF Nos 221 & 222.) At a minimum, that filing should have prompted the State Defendants to act expeditiously, and not wait until May 3, 2024 to seek relief.

Under Federal Rule of Civil Procedure (hereafter, "Rule") 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). The Supreme Court has held, and the Second Circuit recognized, that "the inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay,

its duration, and whether the movant acted in good faith." Raymond v. Int'l Bus. Machines Corp., 148 F.3d 63, 66 (2d Cir. 1998) (citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 391-92 (1993)).  While the Court finds Counsel Bedell's non-compliance with multiple court-imposed deadlines very concerning, such non-compliance on Counsel's part should not prevent this case from moving forward in the most efficient manner possible.  To be sure, Plaintiff has not indicated that he will be prejudiced by the late filing of the State Defendants' summary judgment motion.  Moreover, the Court does not have any information indicating Counsel Bedell acted in bad faith. Further, and importantly, the Court finds it would be most efficient to consider Defendant Goodman's summary judgment motion in tandem with the State Defendants' summary judgment motion. Accordingly, the State Defendants' Request is hereby GRANTED. Therefore, Plaintiff shall have until **June 12, 2024** to serve his Opposition to the State Defendants' summary judgment motion and the State Defendants shall have until **July 10, 2024** to serve their reply, if any, and file the fully-briefed summary judgment motion. Thereafter, the parties are to ensure courtesy copies of their respective submissions are promptly delivered to Chambers.

Notwithstanding the foregoing, the Court further finds consideration of sanctions is warranted in this instance.  See generally Loria v. PJS Hyundai West, No. 21-CV-6687, 2023 WL

6986250 (W.D.N.Y. Oct. 24, 2023 ("Attorneys and parties flout scheduling orders at their peril." (citing Fed. R. Civ. P. 16(f)). Accordingly, **by no later than May 15, 2024**, Counsel Bedell is ordered to **SHOW CAUSE** by affidavit why sanctions should not be imposed pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.  Plaintiff shall have until **May 22, 2024** to file a response.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 8, 2024
       Central Islip, New York